**BARTON, Plaintiff-Appellee, v. PARATORE, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22495.  Decided September 29, 1952.

C. J. French, for plaintiff-appellee.

Squire, Sanders & Dempsey, Roy C. Green, of Counsel, Cleveland, for defendant-appellant.

## OPINION

Per CURIAM:

This case is an appeal to this Court on questions of law from a judgment of the Municipal Court of Cleveland in a suit for damages for injuries growing out of the collision between automobiles owned and operated by plaintiff and defendant. A verdict and judgment in favor of the plaintiff was rendered in the trial court in the sum of $900.00 on January 23, 1952. On January 25, 1952 a motion was filed by defendant who is the appellant in this Court for judgment non obstante veredicto. On January 30, 1952, defendant appellant filed a motion for new trial. The following day the court overruled the motion for judgment non obstante veredicto, but granted the motion for new trial. Defendant appellant thereupon filed his notice of appeal to this Court on questions of law.

The petition as originally filed alleged that plaintiff was operating his automobile in a westerly direction on Rockside Road which is a duly dedicated highway running in a general easterly and westerly direction, that as his automobile approached Crossview Road which intersects Rockside Road, and as he turned left and entered into Crossview Road, the defendant operating his automobile in an easterly direction on Rockside Road struck and collided with plaintiff's automobile causing damages to plaintiff's automobile and to plaintiff. The petition further alleged five specifications of negligence on the part of defendaant.

Upon the trial and at the conclusion of plaintiff's evidence, defendant moved that the trial court strike four of the allegations of negligence from the petition and this motion was granted, the only allegation of negligence eventually submitted to the jury being the fourth allegation of negligence, to-wit:

"In that defendant failed to stop his said motor vehicle in season to avoid striking plaintiff's automobile as in the exercise of ordinary care he could and should have done."

Defendant's answer and amended answer had denied any negligence on his part in connection with the collision.

At the trial, plaintiff called two witnesses, the plaintiff and the Chief of Police of Seven Hills Village, the municipality in which the accident took place.

The defendant, at the conclusion of plaintiff's evidence, having moved for a directed verdict, which was overruled, thereupon took the stand and testified in his own behalf and was thereafter cross-examined by plaintiff. Defendant then having rested, his attorney again moved for a directed verdict. This motion was overruled and the case was then submitted to the jury under instructions of the trial court. The jury thereupon rendered its verdict for $900.00 in favor of plaintiff. The defendant filed his motion for judgment non obstante veredicto and a separate motion for new trial. The trial court overruled the former motion but granted the motion for new trial.

The assignments of error raised in this Court the question whether the trial court committed error in failing originally to direct a verdict for defendant at the conclusion of plaintiff's evidence and again at the conclusion of defendant's case, and whether the trial court improperly overruled the motion of defendant for judgment non obstante veredicto.

By proceeding with his own evidence, instead of resting after his motion for a directed verdict had been overruled at the close of plaintiff's case, the defendant has waived that particular ground of error. **Halkias v. Wilkoff Co., 141 Oh St 139, Syl. 2.** We have before us for consideration, however, the action of the trial court in overruling defendant's motion for a directed verdict at the conclusion of all of the evidence and its action in overruling defendant's motion for judgment non obstante veredicto.

In our approach to and determination of the questions raised, we have in mind the propositions of law succinctly stated in **Wilkeson v. Erskine & Son, 145 Oh St 218, Syl. 2, 3, 4,** as follows:

"2. Where a defendant at the close of all the evidence, moves the court to direct a verdict in its favor, the plaintiff is entitled to have the evidence construed most strongly in his favor. (**Hamden Lodge v. Ohio Fuel Gas Co., 127 Oh St 469** approved and followed.)

"3. Where, on the trial of a cause, substantial evidence has been introduced from which it might reasonably be concluded that defendant was guilty of negligence which was the proximate cause of plaintiff's injury, the court may not sustain defendant's motion to direct a verdict. The test is not whether the trial judge would set aside a verdict in favor of plaintiff on the weight of the evidence.

"4. Where there is no defect in the statements contained in plaintiff's pleadings and there is substantial evidence from which a reasonable conclusion might be drawn that defendant was guilty of negligence proximately causing plaintiff's injury a motion non obstante veredicto attacking a verdict in favor of plaintiff may not be sustained. The weight of the evidence is not involved upon such motion. (Sec. 11601 GC.)"

We have examined the bill of exceptions in this case with care. Without summarizing the facts, we have found no evidence in the case to substantiate the sole allegation of negligence remaining in the petition and submitted by the trial court to the jury. On that basis, it appears that the trial court should have granted defendant's motion for a directed verdict in his favor at the close of all of the evidence, and that, in failing to do so, the court therefore committed error. We also find that the trial court, upon defendant's subsequent motion for judgment non obstante veredicto, failed to correct its error and erroneously failed to grant defendant's motion for judgment non obstante veredicto in view of §11601 GC providing as follows:

"When, upon the statements in the pleadings or upon the evidence received upon the trial, one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court, although a verdict has been found against such party and whether or not motion to direct a verdict may have been made or overruled, but no judgment shall be rendered by the court on the ground that the verdict is against the weight of the evidence."

Since defendant was entitled to judgment on the evidence, the subsequent granting by the trial court of defendant's motion for new trial could not adequately give to defendant the relief to which he was entitled. This court, confronted with this principle and, having in mind its authority, under §11223-38 GC, to render the judgment which the court below should have rendered, hereby enters final judgment for defendant appellant. **2 O. Jur., Appellate Review, Part II, Secs. 934, 871.**

Judgment reversed and final judgment rendered for defendant appellant. Exc. Order See Journal.

SKEEL, PJ, HURD, J, THOMPSON, J, concur.